## WIGGIN v. LEWIS.

In actions commenced since the passage of the act of September 30, 1841, 2 N. H. Laws, ch. 601, the plaintiff is entitled to try by the jury the question of the liability of the trustee, upon compliance with the terms of that statute; and the passage of the Revised Statutes pending the action, does not change the rights of the parties.

FOREIGN ATTACHMENT. The action was entered at the August term 1842, and was continued to the February term 1843; which term was held in April 1843, in consequence of an alteration in the terms of the courts made by the Revised Statutes.

At the term last mentioned, the plaintiff elected to take the disclosure of the trustee, which was completed at the April term 1844. The plaintiff then moved to be permitted to pay the trustee's costs to that time, and that the question whether he is trustee or not be tried by the jury. The trustee objected, that by the laws of the State when this process was served upon him and after it was pending in this court, the plaintiff was not permitted to try the question of the liability of the trustee by the jury, after having elected to take his disclosure; and that the proceedings must be finished according to the provisions of the then existing laws; which objection was sustained by the court. The trustee was to be discharged, or the question of his liability to be tried by the jury, as the opinion of this court should be upon the foregoing case.

*Haseltine*, for the plaintiff.

*Sawyer* and *Brown*, for the trustee.

WOODS, J. This action, which was entered at the August term 1842, must of course have been commenced subsequently to the 30th of June 1841, when an act was passed, of which the 28th section of the 108th chapter of

the Revised Statutes contains some of the provisions. By the 7th section of the act first named, it is provided that " upon disclosure made by any person summoned as trustee, the creditor may move the court that the question whether such person is trustee or not, be tried by the jury; and upon the payment of the trustee's costs up to the time of filing such motion, an order shall be made and an issue framed, for that purpose," &c. The words of the Revised Statutes referred to are nearly the same, and no room is afforded for any such question as the case presents.

The objection was erroneously sustained by the court below, and the plaintiff being entitled to a trial of the issue by the jury upon his motion, and upon compliance with the terms prescribed by the statute, it must be ordered accordingly.

*Trial by jury ordered.*